**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| OTTO MAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 02 C 50440 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| CHRYSLER GROUP LLC, | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| Defendant. | ) | |

**<u>Plaintiff's Proposed Jury Instructions</u>**

Plaintiff, Otto May, Jr., by and through his attorneys, Karen J. Doran and Deanne S. Medina,

submits the following proposed jury instructions.

## 1.01  FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## CORPORATE RESPONSIBILITY[1]

Chrysler is a corporation. A corporation acts only through its agents or employees. Any agent or employee of Chrysler may bind that company by acts and statements made while acting within the scope of the authority delegated to him or her by Chrysler, or within the scope of his or her duties as Chrysler's employee.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Chrysler is entitled to the same fair trial at your hands as a private individual. Both Chrysler and Mr. May stand equal before the law and are to be dealt with as equals in a court of justice.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

---

[1]Jury instruction, *Jackson v. Lake County*, 01C6528 (NDIL) (J. Lefkow)

Plaintiff's Proposed Jury Instructions page 4

### 1.04 EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true and that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.06  WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.08 CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.12 DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.13 TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, [2] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age[3];

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Given _____          Objection _____

Refused _____          Modified_____

Withdrawn_____

_____

[2]Delete this because Chrysler, though a "party," will only have witnesses testify on its behalf, whereas Mr. May as a party will testify for himself. Leaving this language draws negative attention to Mr. May's testimony alone.

[3]Mr. May's age is relevant with regards to his mental distress (the fact that he sought psychological counseling and medication) and other witnesses' ages may be relevant to the jury concerning their own biases against Cubans and Jews.

## 1.14 PRIOR INCONSISTENT STATEMENTS [OR ACTS]

When any witness is questioned about an earlier statement that he or she may have made, or earlier testimony that he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of his or her testimony at trial. In addition, if that earlier statement was made under oath and is inconsistent with the witness' testimony at trial, you may consider that earlier sworn statement as evidence of the truth or accuracy of such earlier statement.

Whether or not such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or unimportant detail.

If you believe that any witness has been impeached, then it remains your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.[4]

You may consider statements given by [*Party*] [*Witness under oath*] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

---

[4]Jury instructions, *Schultz v. Advocate Hlth & Hosp.*, 01 CV 702 (NDIL Oct. 20, 2002) (J. Shadur) (Pl. Ex. A)

[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.17 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.24 DEMONSTRATIVE EXHIBITS

Certain calendars and lists have been shown to you. Those calendars and lists are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.32 SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.33 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 1.34 DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 2.01.  CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 2.02. IN-TRIAL INSTRUCTION ON NEWS COVERAGE

I understand that reports about this incident and Chrysler in general are appearing in the newspapers and the internet. ~~The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.~~

You must not read anything or listen to anything or watch anything with regard to ~~this trial~~ or Chrysler. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

Plaintiff's Proposed Jury Instructions page 24

## 2.05.  STIPULATIONS OF FACT

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## 2.06. JUDICIAL NOTICE

I have decided to accept as proved the fact that the calendars used by the Plaintiff are true and accurate. You must now treat this fact as having been proved for the purpose of this case.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## CHANGED NAME OF PARTY

During this case, Chrysler Group, LLC was known as Daimler Chrysler, Inc. and
_____. Do not speculate on the reasons for the change.[5]

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

_____

[5]This is necessary for purposes of damages calculations – the jury should not speculate as
to Chrysler's financial state.

## 2.14. JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

## AFFIRMATIVE DEFENSE[6]

In this case, the Court has already found as a matter of law that Plaintiff was subjected to a hostile work environment based on his race (Hispanic), national origin (Cuban), and religion (Jewish).[7]

Your task is to determine whether Defendant has proved by a preponderance of the evidence that it took reasonable steps to correct the situation and prevent harassment from recurring.

If you find that Defendant has proved this by a preponderance of the evidence, your verdict should be for Defendant. If you find that Defendant has not proved this, your verdict should be for Plaintiff.

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

_____

[6]Text taken from Seventh Circuit Pattern Jury Instruction 3.04.

[7]Decision denying Defendant's Motion for Summary Judgment, Document 80, September 26, 2006.

### 3.10  COMPENSATORY DAMAGES

If you find that Mr. May has proved his claim against Defendant, then you must award Mr. May full, just, and reasonable compensation [8] for injuries that he has proved by a preponderance of the evidence were caused by Chrysler's wrongful action or omission.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. In awarding compensatory damages, you should strive to make Mr. May whole or as he was immediately prior to his injuries. It is not value you are trying to determine, but rather an amount that will fairly compensate Mr. May for the damages he has suffered. [9]

Chrysler is a corporation and can act only through its officers and employees. As to Mr. May's claim for compensatory damages, any act or omission of an officer or employee within the scope of his or her employment is the action or omission of Chrysler. [10]

In calculating compensatory damages, you may only consider the following:

1.     The physical, mental, and emotional pain and suffering, inconvenience, [11] and loss of a normal life that Mr. May has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the award for these types of damages. You are to determine an amount that will fairly compensate Mr. May for the injury he has sustained.

2.     The reasonable value of medical care that Mr. May reasonably needed and actually received as well as the present value of the care that he is reasonably certain to need and receive in the future.

---

[8]Jury instructions, *Schultz v. Advocate Hlth & Hosp.*, 01 CV 702.

[9]Jury instructions, *Schultz v. Advocate Hlth & Hosp.*, 01 CV 702.

[10]Jury instructions, *Schultz v. Advocate Hlth & Hosp.*, 01 CV 702.

[11]Jury instruction No. 18, *Jackson v. Lake County*, 01 CV 6528 (NDIL, Nov. 6, 2008) (J. Lefkow). (Pl. Ex. B)

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

### 3.13 PUNITIVE DAMAGES

If you find for Mr. May, you may assess punitive damages against Chrysler. The purposes of punitive damages are to punish Chrysler for its actions or omissions and to serve as an example or warning to Chrysler and others not to engage in similar conduct in the future.

You may assess punitive damages only if you find by a preponderance of the evidence that the conduct of Chrysler's managerial employees was in reckless disregard of Mr. May's rights – that is, if these employees acted with knowledge that their actions or omissions may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Chrysler's action or omission;

- the impact of Chrysler's action or omission on Mr. May;

- the relationship between Mr. May and Chrysler;

- the likelihood that Chrysler would act in the future the same way it did in this case if an award of punitive damages is not made;

- Defendant's financial worth[12]; and

- the relationship of any award of punitive damages to the amount of actual harm Mr. May suffered.

Given _____          Objection _____

Refused _____          Modified_____

Withdrawn_____

_____

[12]The jury ought not take into consideration Chrysler's bankruptcy in deciding punitive damages and the 7th Circuit Pattern Instruction's use of the word "condition" conjures that.

Plaintiff's Proposed Jury Instructions page 32

## VERDICT FORM A

We, the jury, find for Otto May, Jr. And against Chrysler Group, LLC and find that

Chrysler Group, LLC did not take steps reasonably calculated to stop or prevent the harassment

of Otto May, Jr.

We, the jury, find damages as follows:


$_____      Emotional pain, suffering, inconvenience, mental anguish, loss of

enjoyment of life, and stress, if any

$_____      Punitive damages


_____      _____

(Foreperson)


_____      _____


_____      _____


_____      _____

Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

**VERDICT FORM B**

We, the jury, find for Chrysler Group, LLC and against Otto May, Jr. and find that Chrysler Group, LLC did take steps reasonably calculated to stop or prevent the harassment of Otto May, Jr.


_____          _____

(Foreperson)


_____          _____


_____          _____


_____          _____


Given _____

Refused _____

Withdrawn_____

Objection _____

Modified_____

Plaintiff's Proposed Jury Instructions page 34

Respectfully Submitted,

/s/Karen J. Doran
One of Plaintiff's Attorneys

**Proof of Service**

Karen J. Doran, an attorney, certifies that service of Plaintiff's Proposed Jury Instructions on Defendant's attorney, Stephen E. Balogh, Williams & McCarthy, 321 W. State St., Ste. 400, P.O. box 219, Rockford, IL 61105, was accomplished pursuant to ECF on Monday, August 16, 2010.

s/Karen J. Doran

Karen J. Doran
Atty No. 6282773
20 Danada Sq. West
Suite 149
Wheaton, IL 60189
(630)368-0200 (p)
(630)368-0202 (f)
karen@doran.com